Wooster v. Parsons.

---

### WOOSTER v. PARSONS.

In an action for false imprisonment the defendant justifies under the authority of an inferior court.  Replication, that the court had no jurisdiction, adjudged insufficient; because the want of jurisdiction does not appear upon the face of the process, and it is too late to show it by matter *dehors* the record.

THIS was an action of trespass for false imprisonment.  The defendant pleaded that he instituted a suit against the plaintiff, on a promissory note, before the City Court, in the city of Middletown, and obtained judgment thereon, by default: That execution was duly granted upon said judgment, by virtue of which the plaintiff was taken and imprisoned; which is the same and only imprisonment complained of.

Replication.   That said note was given, executed and delivered without the city of Middletown:   That the cause of action, which was the foundation of said judgment, did not arise within the limits of said city; therefore, said court had not jurisdiction of said cause, and ought not to have rendered judgment and issued execution thereon.

On demurrer to this replication, judgment was rendered for the defendant, by the whole court:   And by

DYER, SHERMAN and PITKIN, JJ.   The plaintiff's reply is insufficient; because it is not therein alleged, that the defendant knew that the cause of action arose out of the jurisdiction of the City Court:   For if the plaintiff, in the action before the City Court, had averred in his declaration, that the cause

of action arose within the jurisdiction of the court, when he knew it did not; it would, as to him, have been a process unduly obtained, and action of false imprisonment would lie against him, though not against the officer.   Lilly's Abrid. 695.   If it had appeared on the face of the process that the cause of action did arise out of the jurisdiction of the City Court, all the proceedings would have been *coram non judice*, and void, and could have been no justification or excuse for anything done under them; nor would any neglect to plead it, or any concession of the parties make it good.   2 Modern Reports, 29.

In the present case it was not alleged, that the cause of action did arise within the jurisdiction of the City Court, and for that and other reasons, the judgment has been reversed; *Ante*, 27; but the present defendant might have been ignorant, or mistaken as to the place where the cause of action did arise; and in that case he would not be liable to this action.   2 Wilson's Reports, from 302-308.

LAW, C. J., and ELLSWORTH, J.   The defendant justifies under an execution from a City Court: The reply is, that the cause of action arose without the jurisdiction of that court; but this doth not appear from the face of the proceedings, and it is now too late to show it by matter *dehors* the record.   The plaintiff in that action might be ignorant of the fact, or the matter in its nature doubtful; and if the defendant would suffer the process to go on, and not plead the matter in abatement, he should be considered as having waived the matter of jurisdiction entirely, and not allowed afterwards to draw it in question by an action of false imprisonment.   And so was Truscott's case, 1 Ld. Raym. 229, in which the former decisions were brought up, and this point settled.